UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATRICIA D. WILKES,**

    **Plaintiff,**

v.

**KOKOSING, INC.,**

    **Defendant.**

Case No. 2:19-cv-2956
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

The matter before the Court is Defendant Kokosing, Inc.'s ("Defendant" or "Kokosing") Motion for Summary Judgment (ECF No. 23). Plaintiff Patricia D. Wilkes ("Plaintiff") responded (ECF No. 26), to which Defendant replied (ECF No. 28). Additionally, Defendant filed a Motion to Strike certain of Plaintiff's exhibits. (ECF No. 29). For the following reasons, Defendant's motion for summary judgment (ECF No. 23) is **GRANTED** and Defendant's motion to strike (ECF No. 29) is **DENIED**.

## I.

### A. The Incident

At approximately 10:00pm on December 19, 2017, Armonty Stewart was driving south on I-75 with Marquise Byrd. (Police Report, Ex. 3, ECF No. 26-3, PageID 289–90). The two were traveling to Columbus from Detroit. (*Id.*) They were passing through Toledo, and Byrd was reclined and asleep in the passenger seat. (*Id.*)

Stewart and Byrd passed under a bridge when suddenly a sandbag came crashing through the front windscreen, striking and killing Byrd. (*Id.*; Ex. 4, pg. 1–7). Byrd died at the age of 22, leaving behind his 2-year-old son. (Wilkes Dep. at 10:6, 13:25–14:1, 14:12–15, ECF No. 22). Officers investigated and discovered four youths who upon questioning confessed that one of them

threw a sandbag down onto the interstate highway. (Police Report Narrative, Ex. 6, ECF No. 26-6, PageID 334).

The youths had been crossing over the Indiana Avenue bridge, which was partially closed and under construction. One side remained as it had before, with an open lane of traffic, a pedestrian walkway, and a wall along the bridge's edge topped with fencing. (*See, e.g.*, Sharer Report at Figure 3, ECF No. 23-2, PageID 200; Pl. Ex. 2, ECF No. 26-2). The other side of the bridge was in phase 1 of a replacement project. (Lezon Aff. at ¶9. ECF No. 23-3). Kokosing, the contractor hired by the Ohio Department of Transportation ("ODOT"), had removed this latter portion of the bridge, including the road, the sidewalk, and the wall with fencing. (*Id.*)  In accordance with ODOT's plans, Kokosing hedged the remaining road with concrete barriers. (Sharon Report at Figures 3 and 6, ECF No. 23-2, PageID 200, 209; Lezon Aff. at ¶¶ 7, 11, ECF No. 23-3). It also blocked both ends of the construction area with barriers and signs reading "Sidewalk Closed Use Other Side" and "Sidewalk Closed." (Lezon Aff. at ¶¶ 12–13). In one section, Kokosing could not lodge the signs and barriers into the ground due to underground utilities, and it therefore used sandbags to secure them. (*Id.* at ¶ 13). One of the youths had taken a sandbag and dropped it over the concrete barrier. (Police Report Interview, ECF Nos. 26-7, PageID 338).

Kokosing had been engaged in construction on the Indiana Avenue bridge since August, four months before this incident took place. (Lezon Aff. at ¶¶ 7–8, ECF No. 23-3). This was the first such incident at the Indiana Avenue bridge. (*Id.* at ¶ 14). However, Kokosing was also working on the nearby Washington Street bridge. (*Id.* at ¶16). That September, someone had thrown rocks onto the interstate from an embarkment adjacent to that site. (*Id.*)

**B. The Aftermath**

The youths involved all went through the juvenile court system and to a juvenile facility. (*See* Wilkes Dep. at 54:4–55:20, ECF No. 22-1, PageID 79). In a separate proceeding in an Ohio court, Plaintiff is presently suing the Ohio Department of Transportation. (Pl. Resp. at fn. 1, ECF No. 26) (citing *Wilkes v. The Ohio Department of Transportation*, Case No. 2019-00012JD). On July 8, 2019, Plaintiff Patricia Wilkes, the personal representative of Marquise Byrd's estate, filed suit against Defendant Kokosing in this Court. (ECF No. 1). Plaintiff brings a wrongful death and survival action based on Kokosing's alleged negligence. Now, Kokosing moves for summary judgment. (ECF No. 23).

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury

3

could return a verdict for the nonmoving party." *Id.* at 248; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (The requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts."). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Hamad v. Woodcrest Condo. Ass'n.*, 328 F.3d 224, 234–35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251–52).

## III.

In a separate lawsuit in Ohio court, Plaintiff is currently suing ODOT for Byrd's death. *Wilkes v. The Ohio Department of Transportation*, Case No. 2019-00012JD. In the case at bar, one of Kokosing's arguments applies only to itself, and that argument is dispositive. In light of the parallel litigation, this Court will not issue what would essentially amount to an advisory opinion on any of the other questions raised herein.

### A. Negligence

In order to establish negligence under Ohio law, a plaintiff must establish "(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) a causal connection between the breach and injury, and (4) damages." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 29 N.E.3d 921, 928 (Ohio 2015). A defendant cannot be held liable for negligence if the plaintiff cannot establish one or more of these elements, or if the defendant can establish a defense to liability.

Kokosing argues that it cannot be held liable under Ohio law because it was acting in accordance with its contract with ODOT, and ODOT was in control of operations. *Jackson v. City of Franklin*, 554 N.E.2d 932, 935 (Ohio Ct. App. 1988). Ohio courts have found that a contractor

4

is not liable for carefully carrying out the plans given to him except where the plans are obviously defective or dangerous. *Id.* at 935; *see also Farr v. Safe-Way Barricades*, 1998 Ohio App. LEXIS 2618, 1998 WL 336315 (Ohio Ct. App. 1998). Plaintiff does not argue against this proposition of law. (Pl. Resp., ECF No. 26, PageID 276). Instead, Plaintiff argues that Kokosing did not comply with ODOT's plans because, according to Plaintiff, Kokosing was violating the policy set forth in ODOT's Bridge Design Manual. (*Id.*) Plaintiff's assertion does not create a genuine dispute of material fact.

Plaintiff does not dispute that ODOT was in charge of this construction project. ODOT's plan, which Kokosing followed, was for Kokosing to provide concrete barriers and other safety features, but not a fence. (Sharer Report at 22, 39, ECF No. 23-2; Lezon Aff. at ¶¶ 7, 11–13). Images from the plan show that a fence would be put in at a later phase in construction. (Sharer Report at 23). Plaintiff refers to the ODOT's Bridge Design Manual in place in 2016 and points out that section 205.2 states, "[f]encing shall be installed on all bridges over vehicular traffic except as noted herein." (ECF No. 26-18, PageID 371). However, that section does not state whether the policy required fencing on the finished bridge, or also temporary fencing during construction. Indeed, in Plaintiff's Complaint Plaintiff recognizes that at the time of Byrd's death, ODOT policy was silent on the matter. (Compl. at ¶ 48, ECF No. 1) ("While the policy was silent as to protective fencing during renovation projects, defendant Kokosing should have known that even a temporary risk of harm was unreasonable and foreseeable.").

Plaintiff's assertion that Kokosing was acting in violation of this policy does not detract from Kokosing's undisputed evidence that it carried out construction according to the "plans, specifications, and directions" of ODOT. *Jackson*, N.E.2d at 935. Indeed, while Plaintiff now

5

asserts that the construction plan did not comply with policy, Plaintiff still concedes that the alleged non-compliance was done "with the consent of ODOT . . . ." (Pl. Resp., ECF No. 26, PageID 277).

Plaintiff does not dispute that under Ohio common law "the contractor is not liable if he has merely carried out carefully the plans, specifications and directions given him, *since in that case the responsibility is assumed by [ODOT]*, at least where the plans are not so obviously defective and dangerous that no reasonable man would follow them." *Id.* at 935 (emphasis added). Under these facts, that law applies. Accordingly, Kokosing cannot be held liable for negligence in regard to Plaintiff's wrongful death claim.

### B. Survivorship and Loss of Consortium

Plaintiff's claims of survivorship and loss of consortium are derivative of her negligence claim. Being derivative claims, they cannot survive without the negligence claim. *Bowen v. Kil-Kare, Inc.*, 585 N.E.2d 384, 392 (Ohio 1992) (loss of consortium); *Stratford v. SmithKline Beecham Corp.*, 2008 U.S. Dist. LEXIS 84826 at *26 (S.D. Ohio June 17, 2008) (survivorship). Accordingly, these claims too do not survive summary judgment.

### IV.

Defendant Kokosing moves to strike most of the exhibits that Plaintiff attached to her response in opposition to summary judgment. (Mot. to Strike, ECF No. 29). These exhibits fall into four categories: newspaper articles, pictures, portions of the police report, and three ODOT communications. (*Id.* at 3–6). The Court's decision in this case is a narrow one, and many of the objected-to exhibits did not concern the issue addressed. The Court, therefore, will not address those exhibits. The motion to strike is denied with respect to the remaining exhibits, namely the pictures and certain portions of the police report.

6

Under Federal Rule of Civil Procedure 56(c)(2), a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Kokosing asserts that the photos have not been authenticated and therefore must be stricken, but this Court is not persuaded that the photographs could not be authenticated and presented in an admissible fashion. Regarding the police report, Kokosing asserts that the report is hearsay. However, as an exception to hearsay under Federal Rule of Evidence 803(8), absent a lack of trustworthiness, findings from a legally authorized investigation are admissible in a civil case. F.R.E. 803(8)(A)(iii)–(8)(B). Defendant has not persuaded the Court that the portions of the police report reviewed herein lack trustworthiness. Accordingly, the Court will not grant Kokosing's motion to strike.

## V.

In sum, Defendant's Motion for Summary Judgment (ECF No. 23) is **GRANTED**. Defendant's Motion to Strike (ECF No. 29) is **DENIED**. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**9/10/2021**                                               **s/Edmund A. Sargus, Jr.**
**DATED**                                                      **EDMUND A. SARGUS, JR.**
                                                                        **UNITED STATES DISTRICT JUDGE**